| | | |
|---|---|---|
| Michael Klumb | ) | Case No. 12-31021 |
| Cynthia Klumb | ) | |
| Debtor(s) | ) | Judge Jack B. Schmetterer |
| | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| Michael Klumb, | ) | |
| Cynthia Klumb | ) | |
| Plaintiff | ) | |
| | ) | Adv. Pro. No. 12-01596 |
| v. | ) | |
| | ) | |
| GMAC Mortgage, LLC.    Defendant | ) | |
| | ) | |

## FINDINGS OF FACT

### A. The Parties

1. The Plaintiffs are Michael & Cynthia Klumb.

2. The Defendant is GMAC Mortgage, LLC.

### B. Factual Background

1. On or about August 3, 2012 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 17601 Washington Avenue, Homewood, IL 60430.

3. That Citimortgage, Inc. holds a first mortgage lien on the real property commonly known as 17601 Washington Avenue, Homewood, IL 60430, with a secured claim of $102,923.00.

4. The Defendant holds a second mortgage lien on the real property known as 17601 Washington Avenue, Homewood, IL 60430 in the approximate amount of $66,100.43 pursuant to proof of claim #8 filed on 10/3/2012 by Defendant.

5. That the Plaintiffs obtained a valuation of the property on July 17, 2012 indicating the value of 17601 Washington Avenue, Homewood, IL 60430 as $83,625.00.

6. The first mortgage lien of Citimortgage, Inc. is a secured claim based on the mortgage recorded on 7/21/2004 as document number 0420342319 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded July 30, 2007 as document number 0721113061 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $350.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On October 18, 2012 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 17601 Washington Avenue, Homewood, IL 60430.

11. That on October 18, 2012, a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by regular U.S. mail, postage prepaid upon GMAC Mortgage, LLC.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $83,625.00.

15. The first secured claim of Citimortgage, Inc. in the amount of $102,923.00 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

Case 12-01596    Doc 12    Filed 01/04/13    Entered 01/07/13 08:05:25    Desc Main
Document    Page 3 of 3

12-01596:7.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 12/21/2012 1:08:30 PM by:George Vogl Page 3 of 3

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

### B. Argument

1. Is action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Citimortgage, Inc. in the amount of $102,923.00 and the second secured claim of the Defendant in the amount of $66,100.43.

3. Citimortgage, Inc. filed a proof of claim on 12/4/2012 for the amount of $103,218.36. Said claim is secured by a first mortgage on the Plaintiffs' property at 17601 Washington Avenue, Homewood, IL 60430.

4. The Defendant filed a proof of claims on 10/3/2012 for the amount of $66,100.43. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $83,625.00.

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. In re Meyer, 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

Dated: 1/4/13

Enter:

_____
United States Bankruptcy Judge

JAN 0 4 2013

Ledford & Wu
200 S. Michigan, Ste 209
Chicago, IL 60657
(312)294-4400
(312)294-4410 fax